---

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

SHANNON PERT-KELLEY, on behalf of all other similarly situated consumers,

    Plaintiff,

vs.

CONVERGENT OUTSOURCING, INC

    Defendant.

Case No.:

COMPLAINT

DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT

Plaintiff, Shannon Pert-Kelley ("Plaintiff"), by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, brings this Complaint against Defendant, Convergent Outsourcing, Inc, and states as follows:

## INTRODUCTION

1. Plaintiff, Shannon Pert-Kelley, brings this class action against Defendant, Convergent Outsourcing, Inc ("Defendant"), for using false, deceptive and misleading representations in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided Sedgwick, ME, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a Washington limited partnership operating from an address at 800 SW 29th Street, Renton, WA 98057.

6. Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. Plaintiff repeats, realleges, and reasserts the allegations contained in paragraphs 1 through 6 above and incorporates them as if specifically set forth at length herein.

8. On or about June 8, 2015, Defendant mailed or caused to be mailed to Plaintiff a first collection or "dunning" letter ("First Letter) via U.S. Mail in an attempt to collect the alleged debt from Plaintiff. (Exhibit A).

9. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5) in that it arises from personal, family, or household purposes.

10. All collection/"dunning" letters sent in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the alleged debt each constituted a "communication" as defined by FDCPA § 1692a(2).

11. Collection/"dunning" letters in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the alleged debt each conveyed information regarding the alleged debt directly or indirectly to the Plaintiff.

12. Defendant's letter is a form letter that Defendant directs at hundreds, if not thousands of consumers throughout the United States.

13. The letter attempts to collect from the Plaintiff on a time barred.

14. Specifically, the letter presents a settlement offer to the consumer to pay the alleged debt at a discount.

15. The letter informs the consumer that because of the age of the debt, the consumer will not be sued, and the debt will not be reported to any credit reporting agency.

16. This statement is deceptive and misleading because it suggests that the collector or creditor has <u>chosen</u> not to sue the consumer, as opposed to making it clear that neither the collector nor the creditor are <u>able</u> to sue the consumer.

17. The least sophisticated (or unsophisticated) consumer does not understand based on this language of the defendant that the debt is in fact time-barred. In effect, the least sophisticated consumer is left believing that at some point in the future, either this collector, another collector, or the creditor, may in fact sue the consumer for the debt.

18. A part of this confusion relies on the fact that the least sophisticated (or unsophisticated) consumer is unaware as to exactly what the statute of limitations is on debts. Adding to the confusion is the fact that every state has their own statute of limitations, and there is no universal amount of time after which a debt is no longer actionable. Knowledge as to the statute of limitations in the consumer's own state, is beyond what is expected of the least sophisticated (or unsophisticated) consumer, and the consumer is left unsure as to whether his or her particular debt is beyond the statute of limitations.

19. Another deceptive and misleading practice within this very letter is the fact that the letter fails to explain that payment by a consumer will restart the statute of limitation.

20. This is a critical point.

21. The least sophisticated (or unsophisticated) consumer simply would not understand that by making a partial payment they will reactivate the statute of limitations on the debt.

Plaintiff's Complaint

Symmes Law Group, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154

22. Failing to inform consumers of this necessary information is deceptive and misleading on its face. *Green v. Monarch Recovery Mgmt.*, 2015 U.S. Dist. LEXIS 98765, *23 (S.D. Ind. July 29, 2015).

23. It is one thing for the least sophisticated (or unsophisticated) consumer to understand that they can no longer be sued on a time-barred debt, but it is a vastly greater sophistication that is required to understand that paying the time-barred debt will restart the statute of limitations.

24. Upon information and belief, Defendant has failed to present this language in its letters specifically to mislead consumers so that they pay a portion of the original debt, thereby substantially increasing the value of the debt; after which, Defendant may themselves sue on the debt, or may sell the debt for a higher price based on its newly enhanced value, as a result of the deception.

25. These actions are deceptive and misleading and place the least sophisticated (or unsophisticated) consumer at the mercy of the collector's devious strategies.

26. In *Pantoja v. Portfolio Recovery Assocs.*, LLC, 78 F. Supp. 3d 743 (N.D. Ill. 2015), the defendant sent the plaintiff a letter mimicking the exact language as in the instant case.

27. There, the court held that by failing to disclose that a partial payment will restart the statute of limitations, the letter was deceptive and misleading as a matter of law. *See id.* at 78 F. Supp. 3d 743, 746.

## CLASS ACTION ALLEGATIONS

### The Class

28. Plaintiff brings this as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of herself and all others similarly situated who have received

similar debt collection letters from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint ( "Class").

29.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

30.     Upon information and belief, Defendant has sent dunning letters to hundreds if not thousands of consumers throughout the United States, each of which contains language that violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31.     Dunning letters sent from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated (or unsophisticated) consumer."

32.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

33.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be

applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

34. Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

35. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the Class Action as sought herein.

### Proceeding Via Class Action is Superior and Advisable

36. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§1692(k).

37. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a Class Action.

38. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

39. A Class Action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

40. Absent a Class Action, the members of the Class will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

41. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

42. Plaintiff repeats, realleges and reasserts the allegations contained in paragraphs 1 through 27 above and incorporates them as if specifically set forth at length herein.

43. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of the fact that: a) the specific debt is no longer actionable, and b) that even a partial payment will restart the statue of limitations on such a debt.

44. Section 1692e provides:

> § 1692e. False or misleading representations [Section 807 of P.L.]
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt; . . .**

> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

45. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

46. Defendant's false, deceptive and misleading representations were material.

47. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, respectfully requests that this Court do the following for his benefit:

a. Enter an Order declaring Defendant's actions and inactions, as described above, in violation of the FDCPA;

b. Enter a judgment against Defendant's for actual damages, pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA;

c. Enter judgment against Defendant's for statutory damages, pursuant to 5 U.S.C. §1692k(a)(2)(A) and (B) of the FDCPA, in the amount of $1,000.00;

d. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)3 of the FDCPA to be paid by Defendant to Plaintiff; and

e. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 7th day of December, 2015

                                     Respectfully Submitted,

                                     _____/s/ Richard Symmes_____

                                     Richard Symmes, Esq.
                                     Symmes Law Group, PLLC
                                     1001 Fourth Avenue, Suite 3200
                                     Seattle, WA 98154
                                     (T)(206)682-7975
                                     Richard@symmeslaw.com

         Attorneys for Plaintiff

Plaintiff's Complaint                                                                                    Symmes Law Group, PLLC
                                                                                                 1001 Fourth Avenue, Suite 3200
                                                                                                      Seattle, Washington 98154

```
ATERSQ01                                              ⊠ Convergent
PO Box 1022
Wixom MI 48393-1022                              Convergent Outsourcing, Inc.
CHANGE SERVICE REQUESTED                         800 SW 39th St./PO Box 9004
                                                 Renton, WA 98057
                                                 Mon-Fri 8AM-5PM
                                                 877-495-0400

                                                 Date: 06/08/2015
                                                 Current Creditor: LVNV Funding LLC
                                                 Client Account #:         656
                                                 Convergent Account #:       9484
                                                 Original Creditor: Citifinancial Auto
                                                 Corporation

Larry D Bunt & Shannon L Pert                    Settlement In Full: $1,269.52

Sedgwick ME 04676-3630                                  Principal:    $5,296.37
                                                        Interest:     $7,398.82
                                                        Total Balance: $12,695.19
```

                                    Settlement Offer

Dear Larry D Bunt & Shannon L Pert:

This account was placed with our office to recover the amount due. Convergent Outsourcing will be handling the account on behalf of LVNV Funding LLC. The records of LVNV Funding LLC show that your account has a past due balance of $12,695.19.

Our client has advised us that they are willing to settle your account for 10% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $1,269.52 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

Sincerely,

Convergent Outsourcing, Inc.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

3 CONVENIENT WAYS TO PAY:

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com. Your temporary identification number is: 13.42689484.573

Pay by Phone: Please call Convergent Outsourcing, Inc. at 877-495-0400. We offer check by phone, Western Union, and credit/debit card.

Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton WA 98057-9004

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Plaintiff's Complaint                                                                                         Symmes Law Group, PLLC
                                                                                                              1001 Fourth Avenue, Suite 3200
                                                                                                              Seattle, Washington 98154